# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:09-cv-05547-FMC-AJWx | Date | August 7, 2009 |
|---|---|---|---|
| Title | Avak Saakian v. Fidelity Financial Group, Inc. et al | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER  (In Chambers)

This matter is before the Court on Plaintiff Avak Saakian's Ex Parte Application for a Temporary Restraining Order ("TRO"), received by the Court and filed on August 5, 2009.  Plaintiff previously filed a Complaint on July 29, 2009.  Plaintiff's Complaint and Application for TRO alleges Defendant Fidelity Financial Group, Inc. failed to properly disclose certain features of the two loans issued to Plaintiff.  These features include a "teaser" interest rate for the first five years, a balloon payment of $88,586.40 at the end of the loan, and the ability to pay interest only.  Plaintiff also alleges Defendant's failure to provide notices of the right to rescind and the Consumer Handbook on Adjustable Rate Mortgages.  Plaintiff's Application for TRO seeks to prevent Defendants from foreclosing Plaintiff's principal residence located at 2466 Montrose Avenue #1, City of Montrose, CA 91020.  Plaintiff states the foreclosure is scheduled for Friday, August 7, 2009 at 10:30am.  However, Plaintiff has failed to provide Proofs of Service showing Defendants were properly served with copies of the Summons, Complaint, and Ex Parte Application for TRO.

It appears from the allegations in Plaintiff's Complaint that the Defendants named in this action are corporate entities.  When serving a corporation, Federal Rule of Civil Procedure 4(h) requires either compliance with Rule 4(e)(1) (service in accordance with the laws of the State of California) [1] or personal delivery on an "agent authorized by appointment or by law to receive service of process . . . . and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1).

---

[1] Under California law, a corporation can be served by delivering copies of the summons and complaint to:  (a) "[t]o the person designated as agent for service of process . . . "; (b) "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process"; or (c) [i]f the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b)."  Cal. C. Civ. P. § 416.10.

California also provides for service by mail, but service by mail must satisfy the requirements set out in either Section 415.30 or Section 415.40.  Cal C. Civ. P. §§ 415.30 (service by mail) & 415.40 (service by mail on a person outside of California).  If Plaintiff chooses this method of service, two copies of Local Form CV 21, "Notice and Acknowledgment of Receipt of Summons and Complaint" must be completed and included.  This form is available at www.cacd.uscourts.gov (click on "Forms," then click on "Civil Forms").  Defendants so served can then send one copy of the form back to Plaintiff in the prepaid envelope.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-05547-FMC-AJWx | Date | August 7, 2009 |
|---|---|---|---|
| Title | Avak Saakian v. Fidelity Financial Group, Inc. et al | | |

As of the issuance of this Order, Plaintiff has failed to provide Proofs of Service for either the Summons, Complaint, or Ex Parte Application for TRO. Pursuant to the Federal Rules, "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). Without proper Proofs of Service, this Court cannot assert jurisdiction over the Defendants named in the Complaint. Accordingly, the Court hereby DENIES Plaintiff's Ex Parte Application for TRO, filed August 5, 2009.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |